IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| HAROLD C. McDANIEL, JR. #492944 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-706 |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Harold C. McDaniel for the issuance of a writ of habeas corpus. McDaniel challenges Disciplinary Case No. 20050296930, in which he was punished with a loss of time-earning class status. Having reviewed Petitioner's application, this Court makes the following recommendation to the District Judge.

Petitioner's federal habeas application is subject to review under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241 *et seq.,* as it was filed subsequent to the April 24, 1996 effective date of the act. *See Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). The AEDPA, specifically Section 2244(d), establishes a one year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ of habeas corpus. Title 28 U.S.C. §§ 2244(d)(1)(A) states that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." This provision could apply if the grievance appeals constitute a direct review of the disciplinary "judgment." Assuming this to be true in the instant case, the disciplinary "judgment" did not become final until the conclusion of

such direct review or the expiration of time for seeking such review (via grievance). In his application, Petitioner states that his Step Two appeal to the disciplinary finding was denied on August 8, 2005. Liberally construed, the limitation period for Petitioner's federal habeas claim expired one year from that date, or August 8, 2006. Because Petitioner did not file his Petition until November 6, 2006, his claims are time-barred by almost three months.

The Court would also note that even if Petitioner's claims were not time-barred, they would still not qualify for federal habeas relief because Petitioner lost no good time. A claim for a reduction in time-earning class status fails to qualify for federal habeas relief because a possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). These are penalties which simply do not represent the type of atypical, significant deprivation in which a state might create a liberty interest. *Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).

Accordingly, for all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the petition for writ of habeas corpus of Harold C. McDaniel be **DISMISSED, with prejudice.**

The Clerk shall send copies of this Report and Recommendation to the Petitioner, who shall have until **December 18, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston,

Texas 7753 at P.O. Drawer 2300. Any objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the     29th     day of November, 2006.

John R. Froeschner
United States Magistrate Judge